**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ **NOV 2 4 2010** ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ST. JOHN'S UNIVERSITY,

      Plaintiff,

  – against –

CERTAIN UNDERWRITERS AT LLOYD'S,

      Defendants.
------------------------------------------------
CERTAIN UNDERWRITERS AT LLOYD'S,
      Third-Party Plaintiff,

  – against –

TRADE-WINDS ENVIRONMENTAL
RESTORATION, INC., CITY OF NEW
YORK, AMERICAN RED CROSS,
      Third-Party Defendants

**MEMORANDUM
AND ORDER**

10-CV-4465

**JACK B. WEINSTEIN, Senior United States District Judge:**

      Certain Underwriters at Lloyd's brings a third-party action against the City of New York and others based upon claims arising out of the cleaning of the Manhattan campus of St. John's University after the attack of September 11, 2001. The City moves to transfer this action to the Southern District of New York. For the reasons stated below and those indicated orally on the record, the motion to transfer is granted.

      Section 1404(a) of Title 28 of the United States Code provides: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought*." (emphasis added). The Court of Appeals for the Second Circuit has held that "[d]istrict courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness

are considered on a case-by-case basis." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

This case involves much the same witnesses, law, and general locations as an underlying series of factual and legal disputes being litigated in the Southern District of New York. Transfer to the Southern District of New York will avoid the increased costs associated with multiple trials and decisions on law and fact; foster efficiency; and increase the likelihood of settlement.

The parties on argument of the motion suggested that some of the claims in this case might be severed and tried in the Eastern District of New York or remanded to the state court while other portions could be transferred to the Southern District. *See* Mtn. to Transfer Hr'g Tr. Nov. 24, 2010. Such a multiplication of litigations is not favored. As Professor Zechariah Chafee of Harvard Law School has suggested, prizes in jurisprudence are not awarded to courts for expanding a single litigation into many. *See generally*, Zechariah Chafee, Jr., Some Problems of Equity (Ann Arbor: Univ. of Mich. Press 1950); Monograph, Individual Justice in Mass Tort Litigation: The Effect of Class Actions, Consolidations, and other Multiparty Devices, 137 (Northwestern Univ. Press 1995). Severing is undesirable.

Whether the case is transferable depends upon whether it "might have been brought" in the Southern District of New York. 28 U.S.C. § 1404(a). This depends on whether the Air Transportation Safety and System Stabilization Act ("Act"), Pub. L. 107-42, § 408(b)(3), covers the matter. The Act grants original and exclusive jurisdiction over "all actions brought for any claim . . . resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001" to the Southern District of New York. *See* Pub. L. 107-402.

Since the Southern District is deciding the scope and meaning of the Act, it seems desirable for consistency in interpretation to have that district decide which court has jurisdiction

in a case such as the present one.  Thus, even if it is finally determined that the Act does not

encompass this case, it is within the spirit of section 1404 to have the litigation transferred to the

Southern District in order to reduce the possibility of inconsistencies in interpretion and for

reasons of efficiency.

Should the Southern District prefer to have the present case decided in the Eastern

District, this district would be pleased and honored to entertain it.

The motion to transfer to the Southern District of New York is granted.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date:   November 24, 2010
Brooklyn, New York