UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ST. JOHN'S UNIVERSITY,

        Plaintiff,

  -against-

CERTAIN UNDERWRITERS AT LLOYD'S,

        Defendant.
------------------------------------------------------------ x
CERTAIN UNDERWRITERS AT LLOYD'S,

        Third-Party Plaintiff,

  -against-

TRADE-WINDS ENVIRONMENTAL
RESTORATION, INC., CITY OF NEW YORK,
AMERICAN RED CROSS,

        Third-Party Defendants.
------------------------------------------------------------ x



**ORDER AND OPINION GRANTING MOTION TO REMAND**

10 Civ. 8938 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendant/Third-Party Plaintiff Certain Underwriters at Lloyd's ("Lloyd's") moves to remand the above-captioned civil action initiated by Plaintiff St. John's University ("St. John's"). The motion is granted.

      This litigation stems from eighteen lawsuits brought against St. John's by employees of contractors hired to clean dust and debris out of a building owned by St. John's, located at 101 Murray Street, following the events of September 11, 2001. In February 2010, St. John's filed a declaratory judgment action in this Court, seeking a declaration of Lloyd's obligation to defend and indemnify it against the eighteen claims. St. John's Univ. v. Certain Underwriters at Lloyd's, 10 Civ. 778 (S.D.N.Y. Feb. 2, 2010). After the complaint was filed, the Clerk referred it to me as potentially related to the ongoing September 11 litigation that has

1

arisen under the Air Transportation Safety and System Stabilization Act ("ATSSSA"), 49 U.S.C. § 40101 et seq. I declined to accept the case, however, because the case raised an insurance dispute between an insured and insurer, not a dispute arising under the ATSSSA. The Clerk assigned the case to Judge Rakoff, who dismissed it. Judge Rakoff assumed for the sake of argument that the case fell within federal jurisdiction under 28 U.S.C. § 1367(a), but declined to exercise such jurisdiction. St. John's Univ. v. Certain Underwriters at Lloyd's, 10 Civ. 778, Doc. No. 20 (S.D.N.Y. May 12, 2010).

The present dispute began when St. John's sued Lloyd's again, this time in Supreme Court, Queens County. Lloyd's denied liability to St. John's and impleaded the City as a third-party defendant, as well as Trade-Winds Environmental Restoration, Inc., and the American Red Cross. Defendants removed the suit to federal court in the Eastern District of New York, where it was assigned to Judge Jack B. Weinstein. St. John's University v. Certain Underwriters at Lloyd's, 10 Civ. 8938 (S.D.N.Y. Sept. 29, 2010). Lloyd's moved to remand and the City moved to transfer venue to this Court; Judge Weinstein granted the latter motion. Id., Doc. No. 19 (Nov. 24, 2010). Upon the case's transfer to this Court, the Clerk assigned it to Judge Louis L. Stanton. Due to my familiarity with the underlying issues, Judge Stanton transferred the case to me.

Lloyd's now renews its motion to remand, contending that this Court lacks subject-matter jurisdiction over the entire civil action. Lloyd's contends that the present suit suffers the same jurisdictional flaw as the previous case, and that the third-party action attached to the primary action cannot cure the flaw. The City argues that notwithstanding any defects in the primary action, the third-party action is a subrogation claim asserting the City's liability for

2

injuries arising from the events of September 11, 2001, and so falls squarely within the ATSSSA. Accordingly, the City argues, this Court should retain the suit.

The power to remove a lawsuit from state court to federal court is a statutory one conferred by 28 U.S.C. § 1441, as well as other removal statutes not relevant to the present issue. 28 U.S.C. § 1441 states in relevant part:

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

In this case, the relevant statute providing a case of action over which the district court possesses original jurisdiction is the ATSSSA, which provides a federal cause of action "for damages arising out of the hijacking and subsequent crashes of American Airlines flights 11 and 77, and United Airlines flights 93 and 175, on September 11, 2001." ATSSSA § 408(b)(1). Further, "this cause of action shall be the exclusive remedy for damages arising out of the hijacking and subsequent crashes of such flights." Id. The United States District Court for the Southern District of New York possesses "original and exclusive jurisdiction for all actions" arising under § 408(b)(1). Id. § 408(b)(3).

The present case presents the scenario where a third-party defendant, having been sued in an impleader action, seeks to remove the entire lawsuit to federal court. Despite § 1441(c)'s broad statement that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed," the federal courts have divided on whether a third-party defendant can invoke this provision to

3

remove the suit when the impleader action falls within the federal court's limited jurisdiction, but the primary action does not. The Second Circuit has not yet answered this question.

The majority view is that the third-party defendant lacks the power to remove the case under § 1441(c). Fed. Ins. Co. v. Tyco Intern. Ltd., 422 F. Supp. 2d 357, 372 (S.D.N.Y. 2006). This view reflects the belief that § 1441(c) requires the "separate and independent claim" to be raised by the plaintiff, and third-party plaintiffs do not count for this purpose. Crawford ex rel. Crawford v. Hospital of Albert Einstein College of Medicine, 647 F. Supp. 843, 846 (S.D.N.Y. 1986). This accords with a broader view that removal statutes turn on the actions of plaintiffs and defendants; for example, courts have agreed that § 1441(a) permits defendants, and not third-party defendants, to remove cases. First Nat. Bank of Pulaski v. Curry, 301 F.3d 456, 462-63 (6th Cir. 2003); Casul v. Modell's NY II, Inc., 04 Civ. 7204, 2004 WL 2202581, at *2 (S.D.N.Y. Sept. 30, 2004). Courts adopting the majority view of § 1441(c) have viewed it as ambiguous with regard to whom it allows to remove, and have resolved the ambiguity "strictly" and against allowing removal, as the Supreme Court has directed lower courts to construe removal statutes, see Sygenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002). Such a construction has avoided expanding the universe of removability scenarios, see Curry, 301 F.3d at 464, and has respected the limited nature of federal jurisdiction and the rights of states to adjudicate matters arising under their own law, In re Methyl Tertiary Butl Ether ("MTBE") Prod. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2003).

The minority view posits that under § 1441(c), a third-party defendant can remove the entire lawsuit only in certain circumstances. Cases that allow for such removal typically allow the third-party defendant to remove only that portion of the suit that falls within federal subject-matter jurisdiction, and have severed and remanded the jurisdictionally deficient aspects

4

of the suit. See Sterling Homes, Inc. v Swope, 816 F. Supp. 319, 322 & 322 n.4 (M.D.Pa. 1993) (surveying cases). To effect this removal, the impleader action must be "separate and independent" from the primary action, a statutory reference "not to the variety of legal theories advanced but to the underlying occurrence or occurrences giving rise to the litigation." Gardner v. Florence Call Cowles Found. v. Empire Inc., 754 F.3d 478, 481 (2d Cir. 1985); Arrow Fin. Servs, LLC v. Massil, 08 Civ. 437, 2009 WL 348533, at *7 (E.D.N.Y. Feb. 11, 2009). When the impleader action falls within this "separate and independent" category, the minority view posits that the plain language of § 1441(c) neither restricts the removal power to defendants nor requires removal to be based on claims asserted by plaintiffs. See, e.g., Sterling Homes, 816 F. Supp. at 326-27.

In my opinion, the majority view is the better view, particularly as it applies to the case before me. The primary action in this suit is, as Judge Rakoff previously established, outside the scope of this Court's jurisdiction. See Canada Life Assurance Co. v. Converium Rückversicherung (Deutschland) AG, 335 F.3d 52, 59 (2d Cir. 2003) (rejecting argument that the ATSSSA provides federal jurisdiction over claims between an insurer and reinsurer for indemnification of liability payments made to cover injuries arising from the events of September 11); see also St. John's Univ. v. Certain Underwriters at Lloyd's, 10 Civ. 778, Doc. No. 20 (S.D.N.Y. May 12, 2010) (rejecting the primary suit for lack of original or supplemental jurisdiction). As for the third-party impleader action, Lloyd's subrogee status will not accrue unless and until the eighteen plaintiffs who sued St. John's recover compensation, by settlement or judgment, and St. John's thereafter recovers from Lloyd's. See In re Sept. 11 Litig., 649 F. Supp. 2d at 179 ("A subrogee assumes the rights of the subrogor as of the moment at which it, the insurer, makes the insurance payment to its insured."). Accordingly, there is no pending case

5

or controversy and no "separate and independent" action on which to base a removal.[1] See 28 U.S.C. § 1441(c). Should future developments create a justiciable conflict between Lloyd's and the City, and should that conflict arise under the ATSSSA, the parties may seek to present the issue to this Court at that time.

The Clerk shall enter judgment remanding this action to Supreme Court, Queens County. Supreme Court can then decide if Lloyd's impleader action should be dismissed because of exclusive federal jurisdiction, with the parties' decision to assert it in federal court to await ripening. The Clerk shall also terminate the present motion (Doc. No. 6) and close the case.

SO ORDERED.

Dated: January 10, 2011
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

---

[1] It is irrelevant, as a basis of federal jurisdiction, that St. John's may file an impleader action pursuant to Federal Rule of Civil Procedure 14(a). The right to plead hypothetically under Rule 14(a) is a procedural tool to further convenience; it is not a separate and independent basis of jurisdiction. See Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts.").

6